T.C. Summary Opinion 2010-99

UNITED STATES TAX COURT

CURTIS AND ANNIE RIGGINS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19321-08S.                Filed July 26, 2010.

Curtis and Annie Riggins, pro sese.

<u>Patsy A. Clarke</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2005 a deficiency in petitioners' Federal income tax of $2,795 and an accuracy-related penalty under section 6662(a) of $559. Petitioner Annie Riggins did not sign the stipulation of facts, nor did she appear for trial. The Court will dismiss her for failure to properly prosecute her case. An appropriate order will be issued.[1]

The issues for decision are whether petitioners: (1) Had unreported income from an S corporation of $17,301, and (2) are liable for the accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioners resided in the State of Washington when the petition was filed.

## Background

Petitioners reported on Schedule E, Supplemental Income and Loss, of their Federal income tax return for 2005 a $15,371 "flow-through" loss from Evergreen Construction (Evergreen). In 2005 Curtis Riggins (petitioner) was president and owner of one-third of the shares of Evergreen, an S corporation under section 1361. Evergreen was a drywall contractor. Respondent examined

---

[1]The Court will dismiss Annie Riggins for failure to properly prosecute and will enter a decision against her consistent with the decision entered against Curtis Riggins.

petitioners' return and Evergreen's Form 1120S, U.S. Income Tax Return for an S Corporation. The examination resulted in a determination that Evergreen did not suffer a loss of $46,111 for 2005 but instead earned income of $51,901, of which petitioner's one-third share was $17,301.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that he satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

Petitioner's evidence at trial was his testimony that the "loss was around about $40,000". He added that "The proof for that is hard because we didn't keep good records". Petitioner offered no relevant documentation to dispute respondent's determination, which the Court sustains.

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v.

Commissioner, T.C. Memo. 2003-164. In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, supra at 446.

Respondent determined that for 2005 petitioners underpaid a portion of their income tax on account of negligence or intentional disregard of rules and regulations. Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the portion of the underpayment attributable to negligence or disregard of rules or regulations.

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalty will apply unless petitioner has demonstrated that there was reasonable cause for the underpayment and that he acted in good faith with respect to the underpayment. See sec. 6664(c). Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may

indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge, and education of the taxpayer."

Petitioner has not demonstrated that there was reasonable cause for the underpayment and that he acted in good faith with respect to the underpayment. Respondent's determination of the accuracy-related penalty under section 6662(a) and (b)(1) for 2005 is sustained.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.